IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYRONE LEWIS-BEY** | : | |
|                 **Petitioner,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO.  17-4064 |
| | : | |
| **CAPT. MURTHA,** *et al.* | : | |
|                 **Respondents.** | : | |

## ORDER

**AND NOW,** this 10th day of August 2020, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and all related filings, and upon review of the Report and Recommendation ("R&R") of United States Magistrate Judge Jacob P. Hart [Doc. No. 15], to which no objections have been filed, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**[1];
2. The Petition for Writ of Habeas Corpus is **DISMISSED AS MOOT**;
3. There is no probable cause to issue a certificate of appealability[2]; and
4. The Clerk of Court is directed to **CLOSE** the case.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

_____

**CYNTHIA M. RUFE, J.**

---

[1] Petitioner filed a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, relating to his incarnation at a detention center on State Road in Philadelphia for a probation violation. As the R&R noted, this petition challenged the calculation of his sentence and the conditions of his confinement (specifically, having been disciplined for smoking in his cell).  Although Petitioner was in custody when the petition was filed, Respondents demonstrated that Petitioner was subsequently released, and indeed, a review of the docket demonstrates that Petitioner's probation has since been terminated. *Commonwealth v. Lewis*, No. CP-51-CR-1626-2013 (Phila. Ct. Comm. Pl.). Because Petitioner's claims challenged the execution of his sentence, and not the validity of his conviction, and as Petitioner is no longer in custody, the Court therefore agrees that the Petition is moot.  The Court does not rule on whether the claims would be cognizable if they were not moot.

[2] There is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).